Special 231



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Walker Co

Hon. C. J. S. Ellingson
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-1860
Re: Payments due inmates of Texas
Prison System by the State of
Texas when discharged or re-
leased on some form of clemency.

Your letter addressed to Gerald C. Mann,
Attorney General, has been referred to the writer for
consideration and reply. You enclose a copy of a letter
addressed to the warden and all farm managers, wherein
you set forth the application of the Texas laws govern-
ing the payments due convicts upon their release.

Your letter is as follows:

"TO THE WARDEN AND ALL FARM MANAGERS:

"Gentlemen:

"This letter is written in lieu of all
letters in the past regarding the amounts due
inmates when they are discharged or released
on clemency from prison.

"We construe rulings from the Attorney
General's Department as follows:

"DISCHARGE OR FULL PARDON:

"When a prisoner is discharged after hav-
ing served his sentence, or is granted a Full
Pardon, he is to receive the following amounts
based on actual flat time served:

"If actual flat time served is
less than one year                         $25.00
"If actual flat time served is
more than 1 year and less than 10
years                                      $50.00

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"If actual flat time served is more than 10 years and less than 20 years     $ 75.00
"If actual flat time served is over 20 years     $100.00

"In addition to the payments shown above, the prisoner shall also receive the prescribed clothing for release on discharge.

"In computing an inmate's flat time or time actually served, you should figure from the date he was sentenced, and not from the date he was received at the penitentiary.

"CONDITIONAL PARDON OR PAROLE:

"When a prisoner receives a Conditional Pardon or Parole, regardless of when he is released from custody, he is to receive a payment of $5.00, railroad fare from the point of release to place of conviction and the prescribed clothing.

"Where a Conditional Pardon or Parole has been revoked and the prisoner is returned to prison to serve his sentence, the amount to be paid him upon discharge shall be, as shown above, based on the actual flat time from the date of his apprehension after revocation of clemency to the date of discharge. The time served prior to receiving the Conditional Pardon or Parole cannot be considered as the prisoner was paid at the time of his release, the statutory allowance of $5.00, railroad fare from point of release to place of conviction and provided with the prescribed clothing. Had the clemency granted not been violated, and the prisoner remained out of prison until he was finally discharged, no further payment would have been made by the State.

"REPRIEVES:

"When a prisoner is granted a reprieve, regardless of the length of time it covers, no payment of any nature is due him, and neither

Hon. O. J. S. Ellingson, Page 3

is there any statutory requirement for clothing to be furnished.

"Should an extension of a reprieve not be granted, or the reprieve is revoked and the inmate returned to prison to serve the remainder of his sentence, the continuity of time served is not considered broken by the reprieve, and in determining the amount to be paid upon discharge, you should add the time served before and after the reprieve and pay the inmate in accordance with the schedule on the preceding page for flat time actually served. The time served before the reprieve should be counted in this case as the prisoner was not given anything when he was released on the reprieve.

"Where a reprieve is revoked, the prisoner will not receive credit on his sentence for the time he was released on the reprieve, and his credit on the sentence will stop with the date of his release on the reprieve.

"ESCAPES:

"When a prisoner escapes, is recaptured and returned to prison to complete his sentence, the amount due him at date of discharge should be arrived at in the same manner as if he was released on a reprieve; that is, in determining the flat time before and after the escape, add them together and then pay the amount shown in the schedule on page 1 for actual flat time served. As in the case of reprieves, the flat time before the date of escape should be counted in arriving at total flat time served, as the prisoner was not given anything when he escaped.

"In all of the above cases, the prisoner is entitled to withdraw any funds he may have on deposit in the office of the Warden or Farm Manager upon his being released."

Your attention is directed to Article 6166z(1) Revised Civil Statutes of Texas, which statute governs the

Hon. O. J. S. Ellingson, Page 4


payments on discharge and full pardon as set forth in
your above quoted letter:

> "When a prisoner is entitled to a dis-
> charge from prison, he or she shall be fur-
> nished with a written or printed discharge from
> the manager, with seal affixed, signed by the man-
> ager, giving prisoner's name, date of sentence,
> from what County sentenced, amount of commuta-
> tion received, if any, the trade he has learned,
> if any, his proficiency in same, and such des-
> cription as may be practicable. Such discharg-
> ed person shall be furnished with a decent out-
> fit of citizen's clothing of good quality and
> fit, and two suits of underwear; and when a per-
> son and/or convict actually serves over one year,
> he shall receive Fifty Dollars ($50.00) in money
> in addition to any money held to his or her cre-
> dit, provided that if a person and/or convict
> does not actually serve one year flat time, he
> shall not receive Fifty Dollars ($50.00); but
> in lieu thereof a person serving less than one
> year actual time shall receive Twenty-five Dol-
> lars ($25.00) in money in addition to any money
> held to his or her credit and a decent outfit
> of citizen's clothing of good quality and fit
> and two suits of underwear, provided that if
> the actual time served exceeds ten (10) years,
> the sum of money shall be Seventy-five Dollars
> ($75.00), and if the actual time served exceeds
> twenty (20) years, the sum of money shall be One
> Hundred Dollars ($100.00). As far as may be
> practicable the Prison Board may authorize a
> creation of a Bureau for the purpose of placing
> discharged prisoners in connection with employ-
> ment, provided such will not be extra expense
> to the Prison System."

Article 6203(10), Revised Civil Statutes of Texas,
governing the section on conditional pardon or parole as set
forth in your above quoted letter is as follows:

> "Upon the discharge of any prisoner upon
> parole, either under the provisions of this
> Act, or through the exercise by the Governor

Hon. O. J. S. Ellingson, Page 5

of executive clemency, independent of this Act,
such person so paroled, shall be furnished by
the proper officers of the State Prison Board
with such clothing as is usually furnished to
prisoners upon discharge from prison in this
State together with a railroad non-transferable
ticket from the place of his discharge to the
place of his conviction and sentence, and in
addition thereto the sum of $5.00."

An opinion addressed to O. J. S. Ellingson by
Joe J. Alsup, of January 3, 1936, contained in Volume 269,
letter opinions of the Attorney General, page 277, holds
that where a convict served less than one year and was
released on a conditional pardon; and thereafter, was
arrested and served another period of less than six months
after having violated the conditions of his pardon, upon
his subsequent discharge, he is entitled to only $25.00
for having served less than one year, the construction be-
ing that the Legislature intended the convict should serve
consecutive time, in order to receive the payments set
forth in Article 6166z(1), Revised Civil Statutes of Texas,
Also, this department gives the additional reason for the
holding in the above opinion that the convict will have
received the benefit set forth in Article 6203(10), Revised
Civil Statutes of Texas, above quoted, upon his release on
a conditional pardon.

The substance of the Governor's proclamation
granting clemency controls its effect regardless of the
name by which it is designated. Ex Parte Black, 59 SW 2nd
828.

It would seem that Article 6196 of Title 108,
Revised Civil Statutes of Texas, as set forth in recompiled
Volume 17 of Vernon's Annotated Civil Statutes of Texas,
would have some force and effect with reference to the
discharge of convicts. However, such is not true in fact.
At the regular session of the 40th Legislature, House Bill
59 of Chapter 212, repealed all of Title 108, Revised
Civil Statutes of Texas, except Article 6203. Thereafter,
at the first called session of the 41st Legislature, Senate
Bill No. 23, Section 1, provided an amendment of Article
6196, Revised Civil Statutes of Texas. The passage of
Senate Bill 23 did not make an independent act, but plain-
ly states an intention to amend Article 6196, and since

235

Hon. O. J. S. Ellingson, age 6

the act attempts the amendment of a law that had been previously repealed, the act is ineffective. See opinion directed to W. H. Mead, General Manager of the Texas Prison System, by R. D. Cox, Jr. of July 31, 1939, contained in Volume 305 of Attorney General's Letter Opinions, page 94.

Your attention is directed to that portion of your message which relates:

"In computing an inmate's flat time or time actually served, you should figure from the date he was sentenced, and not from the date he was received at the penitentiary."

This statement is correct where the inmate accepts his sentence without an appeal. Where the inmate remained in jail or was in the penitentiary during his appeal, his time begins to run on the date of the mandate. Where the inmate is at large on bond or recognizance pending appeal, his time begins to run upon his arrest and the execution of a commitment issued by the trial court upon receipt of the mandate. Art. 775, Code of Criminal Procedure of Texas.

It is our opinion that your letter correctly states the payments due convicts when discharged or released on clemency. The statements in your letter and the recitations of the opinions as set forth herein are hereby adopted.

Believing this to answer your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Pat Coon
Assistant

PC:AW    APPROVED FEB 2, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION COMMITTEE
BY _____
CHAIRMAN

